UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-253 |
| ) | (VARLAN/GUYTON) |
| AMERICAN APARTMENT MANAGEMENT ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

This civil action is before the Court on defendant's Motion to Dismiss in Part [Doc. 7]. Defendant requests that the Court dismiss plaintiff's claim under the Equal Pay Act, 29 U.S.C. § 206(d), pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, defendant submits that plaintiff has failed to state a claim under the Equal Pay Act because she has not alleged that she was paid less than male co-workers for equal work on the jobs that performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Plaintiff has not filed a response or any other opposition to the motion, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2. Accordingly, the matter is ripe for the Court's determination.

The Court has carefully considered the defendant's motion to dismiss in part in light of the applicable law. For the reasons set forth herein, the defendant's motion to dismiss in part [Doc. 7] will be **GRANTED**.

**I.     Relevant Facts[1]**

Plaintiff, a Caucasian female, alleges that she was employed by defendant American Apartment Management Company, Inc. from November 15, 1999 through, it appears, approximately June 18, 2008 [Doc. 1, ¶¶ 7, 10, 38].  Defendant is a property management company operating in Tennessee as well as other states [*Id.*, ¶ 8].

Plaintiff states that she was hired by defendant on November 15, 1999 "to do Human Resource work" [*Id.*, ¶ 10].  Throughout the complaint, she alleges that her job responsibilities consisted of the following: work relating to benefits and payroll; certain bookkeeping duties; maintaining employee records; writing complaints in employee files as directed; preparing special documentation when needed; assisting in writing and reviewing employee warnings when needed; assisting officers and district managers with meetings and interviews; filing city, county, state, and federal payroll taxes; and reconciling bank and trust accounts [*Id.*, ¶¶ 13-16, 19-20, 23].  Plaintiff further alleges that she was not responsible for hiring or firing, for recommending salaries for employees, or for supervising employees; nor, she alleges, did she formulate, interpret or implement employment policy [*Id.*, ¶¶ 13, 23].

In addition, plaintiff alleges that she took over the responsibilities of Jennifer Jones, the secretary/treasurer, upon Ms. Jones's resignation [*Id.*, ¶ 21].  Such responsibilities included assisting the bookkeepers and ensuring the office ran smoothly when the president

---

[1] Plaintiff alleges two causes of action: violation of the Equal Pay Act, 29 U.S.C. § 206(d), and violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* [Doc. 1, ¶¶ 3, 4 ].  Defendant's motion to dismiss seeks to dismiss only the claim for violation of the Equal Pay Act.  Accordingly, although the Court presumes all facts set forth in the complaint as true, it recites only those relevant to defendant's motion to dismiss in part here.

of the company was away [*Id.*, ¶¶ 21-22]. She also took over the responsibility for finalizing and implementing the purchase of a new computer network system and software and ensuring that IT technicians and property managers knew how to use the equipment [*Id.*, ¶ 24].

According to plaintiff, she worked more than forty hours each week in the office and an average of six or seven hours at home per night and on weekends [*Id.*, ¶ 25]. Plaintiff asserts that "[e]very other employee in the company were [sic] paid time and a half for and on occasion double time for working overtime," including Jennifer Jones on occasion, except for plaintiff [*Id.*, ¶ 26].

## II. Analysis

### A. Standard of Review

In deciding a motion under Federal Rule of Civil Procedure Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inference in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 476 (6th Cir. 2007). Although Rule 8(a) requires merely "a short and plain statement of the claim," to survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*,

550 U.S. at 556). Indeed, a plaintiff must plead enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545 (citations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### B. Plaintiff's Claim Under the Equal Pay Act

The Equal Pay Act ("EPA") provides:

> No employer having employees subject to [the EPA] shall discriminate, . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

29 U.S.C. § 206(d)(1).

To state a claim under the EPA, a plaintiff must demonstrate that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). "Equal work" does not require that the jobs be identical, but only that there exist "substantial equality of skill, effort, responsibility and working conditions." *Buntin v. Breathitt County*

4

*Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir.1998) (citing *Odomes v. Nucare, Inc.*, 653 F.2d 246, 250 (6th Cir.1981)). To determine whether the work is substantially equal it "must be resolved by an overall comparison of the work, not its individual segments." *Id.*

Assuming that plaintiff's employer is subject to the EPA, which plaintiff has not plead, the Court finds that plaintiff's complaint fails to allege facts demonstrating a *prima facie* claim under the EPA. Plaintiff's complaint alleges that "[e]very other employee in the company" was paid overtime except for her. She does not, however, allege any facts from which the Court may infer that any male employees were paid more than plaintiff for work equal to that of plaintiff. At best, plaintiff alleges that her work was equal to that of the former secretary/treasurer, a female, whose job responsibilities she took over upon the secretary/treasurer's resignation, and that the former secretary/treasurer was paid over time while plaintiff was not. Even assuming the jobs were equal, such allegations are insufficient as plaintiff alleges that the equal job was held by a member of the same sex. *See Dunlap v. Denison Ind. School Dist.*, No. 4:09-cv-234, 2010 WL 1189561, at *2 (E.D. Tex. Mar. 25, 2010) (dismissing plaintiff's EPA claim for failure to allege she was paid less than an employee of the opposite sex because plaintiff alleged only that she was paid less than the female who previously held her position). Accordingly, plaintiff cannot establish a *prima facie* case for violation of the EPA.

## III. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss In Part [Doc. 7] is hereby **GRANTED** and plaintiff's claim under the EPA is **DISMISSED with prejudice**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE